**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIIS LOREDO-CORTEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF FCI FT. DIX,<br><br>　　　　　Respondent. | Civil Action No. 22-7598 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

　　This matter comes before the Court on the habeas petition filed by Petitioner Luis Loredo-Cortez pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed responses to the petition (ECF Nos. 4, 6), to which Petitioner replied. (ECF No. 5, 7.) For the following reasons, the petition is dismissed without prejudice.

**I.　BACKGROUND**

　　Petitioner is a convicted felon currently serving out a seventy-two month sentence at the Fort Dix Federal Correctional Institution. (*See* ECF No. 4-2 at 5.) Petitioner's current sentence arises out of a conviction for engaging in a conspiracy to import methamphetamine into the United States through the country's southern border in April 2019. (*Id.*) Petitioner's attempt to smuggle the drugs into the United States, however, resulted not only in his conviction, but also to his receiving an expedited order of removal upon his arrest at the border. (*See* ECF No. 6-1 at 1.) Because Petitioner is subject to this removal order, he is also subject to an immigration detainer

provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). The statute thus bars any inmate who is subject to a final order of removal from receiving FSA credits. *See, e.g., Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23-91, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023).

Petitioner does not dispute that, were he the subject of a final removal order, he would be barred from accruing and applying FSA credits to his sentence, but instead argues that the Court should reject the Government's argument because it did not initially supply a copy of his removal order and instead initially provided only a certification setting forth that he was subject to such an order. In response, however, the Government obtained and has provided the Court with a copy of Petitioner's expedited order of removal. (ECF No. 6-1.) Petitioner disputes whether this document amounts to a final order of removal, arguing that he instead should be subject to further immigration procedure before his expedited removal order becomes truly final. (*See* ECF No. 7.) Thus, there is a central factual issue that stands between the parties – whether Petitioner actually has a final order of removal or whether he instead has merely been charged with removability.

This Court need not resolve this factual dispute at this stage because Petitioner has not properly exhausted his administrative remedies and given the Bureau of Prisons a chance to resolve the factual issue administratively. Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). Because Petitioner did not attempt to exhaust his claims,

3

because the parties agree on the central legal issue at play – that an undocumented person is only barred from receiving credits if he has a final order of removal, and because the central issue on which the parties disagree in this matter is factual, the BOP is well positioned to evaluate and resolve the factual issue at hand, this Court perceives no basis for the excuse of the exhaustion requirement here. As Petitioner has failed to even *attempt* to exhaust his administrative remedies prior to filing his habeas petition in this Court, this Court must therefore dismiss his habeas petition without prejudice.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

4